# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **FRANCISCO JAVIER CAZARES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 21-4074-JAR** |
| | ) | |
| **SMX, LLC AND MARS WRIGLEY** | ) | |
| **CONFECTIONERY US, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AGREED PROTECTIVE ORDER

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert that protection of the identified categories of confidential information is necessary to protect both the parties and other persons from annoyance and embarrassment. Discovery in this case may seek private information concerning both parties and nonparties, including, for example, but not limited to, documents referencing Plaintiff's income; Plaintiff's medical records; confidential matters concerning Defendants' trade secrets and any other proprietary and confidential business information, the personnel files of current and/or former employees of Defendants, and non-public, personal and/or confidential financial information of Defendants. Good cause exists for the issuance of a protective order under Federal Rule of Civil Procedure 26(c), including the fact that the majority of persons associated with this matter, and the above-described documents, reside or work in a relatively small group of

communities which are geographically close; and if the confidential information were known in the general community, such knowledge could lead to embarrassment, humiliation, loss of status and reputation, and could potentially impact upon certain persons' personal and/or work relationships.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' joint motion for a protective order (ECF No. 16) and hereby enters the following Protective Order:

1.      **Scope.**  All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.      **Definition of Confidential Information.**  As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties.  For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

the non-public, confidential financial information of Defendants;

the non-public proprietary or confidential information relating to

Defendants' operational, business, marketing, sales, training,

policies, procedures, and practices and/or employment practices;

the non-public, confidential personnel and/or human resources
files, or other employment records, of any of the Defendants'
current or former employees; any confidential, proprietary, or trade
secret information of any third party; private information
concerning third parties; and employment records, medical records,
financial and/or tax records relating to Plaintiff as well as
documents containing Plaintiff's, complete social security number
and date of birth.

Information or documents that are available to the public may not be designated as Confidential
Information.

      **3.**      **Form and Timing of Designation.**  The producing party may designate documents
as containing Confidential Information and therefore subject to protection under this Order by
marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or
something similar thereto (hereinafter "the marking") on the document and on all copies in a
manner that will not interfere with the legibility of the document.  As used in this Order, "copies"
includes electronic images, duplicates, extracts, summaries or descriptions that contain the
Confidential Information.  The marking will be applied prior to or at the time of the documents are
produced or disclosed.  Applying the marking to a document does not mean that the document has
any status or protection by statute or otherwise except to the extent and for the purposes of this
Order.  Copies that are made of any designated documents must also bear the marking, except that
indices, electronic databases, or lists of documents that do not contain substantial portions or
images of the text of marked documents and do not otherwise disclose the substance of the
Confidential Information are not required to be marked.  By marking a designated document as

confidential, the designating attorney or party appearing *pro se* thereby certifies that the document contains Confidential Information as defined in this Order.

4.      **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within a reasonable time after discovery of the inadvertent failure.

5.      **Depositions**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time period after receipt of the deposition transcript.  Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

6.      **Protection of Confidential Material.**

      **(a)**      **General Protections.**  Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

      **(b)**      **Who May View Designated Confidential Information.**  Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

      (1)      The parties to this litigation, including any employees, agents, and representatives of the parties;

      (2)      Counsel for the parties and employees and agents of counsel;

      (3)      The court and court personnel, including any special master appointed by the court, and members of the jury;

      (4)      Court reporters, recorders, and videographers engaged for depositions;

(5)     Any mediator appointed by the court or jointly selected by the parties;

(6)     Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7)     Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A. Confidential Information may be disclosed to a witness who will not sign an Acknowledgment *in a deposition* if the witness is represented by counsel or the witness has been given notice that the document(s) or information shown *at deposition* is Confidential Information and the witness verbally agrees on the record that he/she will keep the information confidential;

(8)     The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9)     Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)     Control of Documents**.  The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order.  Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

**7.     Filing of Confidential Information**.   In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for *in camera* review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion.  If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.  Pro hac vice attorneys must obtain sealed documents from local counsel.

**8.** **Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

**9.** **Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**10.** **Obligations on Conclusion of Litigation.**

**(a)** **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

**(b)** **Return of Confidential Documents.** Within thirty (30) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above,

7

must be returned to the party who previously produced the document unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c)      **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, and pursuant to KBA Legal Ethics Opinion No. 15-01 interpreting Rule 1.15, Kansas Rules of Professional Conduct ("KRPC"), upon termination of this lawsuit by judgment, settlement or otherwise, counsel for the parties shall retain for 1 year, or for such other time period agreed to by counsel and client (via consent confirmed in writing), all of the documents and information subject to this Order.  Upon the expiration of counsels' obligations under and upon written request; counsel shall return all of the documents and information subject to this Order to opposing counsel including all copies, prints, summaries, and other reproductions of such information in the possession of the party, the party's counsel and staff, and the party's retained experts.  Alternatively, upon the expiration of counsels' obligations under KBA Legal Ethics Opinion No. 15-01 Interpreting Rule 1.15, counsel may destroy all documents and information subject to this Order, including all copies, prints, summaries, and other reproductions of such information in the possession of the party, the party's counsel and staff, and the party's retained expert(s).

11.      **Order Subject to Modification**.  This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter.  The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

12.      **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

13.      **Persons Bound by Protective Order.**  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

14.      **Jurisdiction.**  The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case.  But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

15.      **Applicability to Parties Later Joined.**  If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the court their written agreement to be bound by the provisions of this Order.

16.      **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

17.      **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**  If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and

in no event more than three business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

**18.** **Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.**  Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date.  Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or

10

documents, the receiving party must return the information or documents to the producing party within 5 days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection and shall treat the information as privileged unless and until the court orders otherwise.  Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.  The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

**IT IS SO ORDERED.**

Dated January 18, 2022, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

Respectfully submitted this 18th day of January, 2022.


**BRUMLEY LAW OFFICE**                    **CONSTANGY, BROOKS, SMITH &**
                                                 **PROPHETE, LLP**



/s/ Chloe Elizabeth Davis                 /s/ Kimberly F. Seten
Bruce Alan Brumley, KS Bar No. 16066      Kimberly F. Seten, KS Bar No. 19394
Chloe Elizabeth Davis, KS Bar No. 28517   2600 Grand Boulevard, Suite 750
Brumley Law Office                        Kansas City, Missouri 64108-4600
2348 SW Topeka Blvd., Suite 201           Telephone: (816) 472-6400
Topeka, Kansas 66611                      Facsimile: (816) 472-6401
Telephone: (785) 267-3367                 Email: kseten@constangy.com
Facsimile: (785) 233-3161
Email: bruce@brucebrumleylaw.com          ATTORNEY FOR DEFENDANTS
Email: chloe@brucebrumleylaw.com

ATTORNEYS FOR PLAINTIFF

**ATTACHMENT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated

_____ in the case captioned, *Francisco Javier Cazares v. SMX, LLC, et al.*, Case No.

5:21-cv-04074-JAR-JPO, and attached hereto, understands the terms thereof, and agrees to be

bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court

for the District of Kansas in matters relating to this Protective Order and understands that the terms

of the Protective Order obligate him/her to use materials designated as Confidential Information

in accordance with the order solely for the purposes of the above-captioned action, and not to

disclose any such Confidential Information to any other person, firm, or concern, except in

accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in

penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____        _____
                                                                Signature